# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1715V

|  |  |
|---|---|
| STACI METZGER,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 25, 2025 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON JOINT STIPULATION[1]

On November 18, 2022, Staci Metzger filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). She filed an amended petition on August 21, 2023, ECF No. 23. Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or in the alternative a causation-in-fact injury, after receiving an influenza ("flu") vaccine October 29, 2020. Amended Petition at 1, ¶ 3; Stipulation, filed at February 24, 2025, ¶¶ 1-2, 4. Petitioner further alleged that she received the vaccine within the United States, that she suffered the residual effects of the SIRVA for more than six months, and that neither she nor any other party has filed a civil action or received compensation for her SIRVA, alleged as vaccine caused. Petition at ¶¶ 41-43; Stipulation at ¶¶ 3-5. "Respondent denies that [P]etitioner suffered the onset of her alleged SIRVA within the Table timeframe; denies that the flu vaccine caused [P]etitioner's alleged

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

shoulder injury or any other injury and further denies that her current disabilities are a sequela of a vaccine-related injury." Stipulation at ¶ 6.

Nevertheless, on February 24, 2025, the parties filed the attached joint stipulation,[3] stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

1. **A lump sum payment of $48,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner; and**

2. **A lump sum payment of $8,190.38, representing reimbursement of a Medicaid lien for services rendered to Petitioner by the State of Oregon, in the form of a check payable jointly to Petitioner and the CareOregon:**

   ExlService.com LLC
   Re- Staci Metzger, No. MEMB00001178251
   111 Ryan Court Suite 300
   Pittsburgh, PA 15205.

Petitioner agrees to endorse the check to CareOregon for satisfaction of the Medicaid lien. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

        **s/Brian H. Corcoran**
        Brian H. Corcoran
        Chief Special Master

---

[3] The last page (6) of the stipulation, which contains information related to personal emails confirming the signatures on page 5, has been removed in order to protect this personal information.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| STACI METZGER, | |
| Petitioner, | No. 22-1715V |
| | Chief Special Master Corcoran |
| v. | SPU |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Staci Metzger, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu vaccine on or about October 29, 2020.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a consequence of the flu immunization she received on or about October 29, 2020, and further alleges that she suffered the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that petitioner suffered the onset of her alleged SIRVA within the Table timeframe; denies that the flu vaccine caused petitioner's alleged shoulder injury or any other injury and further denies that her current disabilities are a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of **$48,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

   b. A lump sum of **$8,190.38**,[1] representing reimbursement of a Medicaid lien for services rendered to petitioner by the State of Oregon, in the form of a check payable jointly to petitioner, and the CareOregon:

   ExlService.com LLC
   Re- Staci Metzger, No. MEMB00001178251
   111 Ryan Court Suite 300
   Pittsburgh, PA 15205

Petitioner agrees to endorse this check to CareOregon. These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C.

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Oregon may have against any individual as a result of any Medicaid payments the CareOregon Program has made to or on behalf of Staci Metzger, as a result of her alleged vaccine-related injury suffered on or about October 29, 2020, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

§ 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program,

42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 29, 2020, as alleged by petitioner in a petition for vaccine compensation filed on or about November 18, 2022 in the United States Court of Federal Claims as petition No. 22-1715V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged shoulder injury or any other injury or any of her current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*[signature]*

STACI METZGER

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |
| *Ronald C. Homer by Meredith Daniels* | *[signature]* |
| RONALD C. HOMER, ESQ. *Rule 83.1(c)(2)* | HEATHER L. PEARLMAN |
| Conway Homer, P.C. | Deputy Director |
| 16 Shawmut Street | Torts Branch |
| Boston, MA 02116 | Civil Division |
| Tel: (617) 695-1990 | U.S. Department of Justice |
| rhomer@ccandh.com | P.O. Box 146 |
| | Benjamin Franklin Station |
| | Washington, DC 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR RESPONDENT:** |
| Jeffrey S. Beach -S  Digitally signed by Jeffrey S. Beach-S  Date: 2025.02.18 08:38:05 -05'00'  for | *Mallori B Openchowski by Heather L Pearlman* |
| CAPT GEORGE REED GRIMES, MD, MPH | MALLORI B. OPENCHOWSKI |
| Director, Division of Injury Compensation Programs | Trial Attorney |
| Health Systems Bureau | Torts Branch, Civil Division |
| Health Resources and Services Administration | U.S. Department of Justice |
| U.S. Department of Health and Human Services | P.O. Box 146 |
| 5600 Fishers Lane, 08W-25A | Benjamin Franklin Station |
| Rockville, MD 20857 | Washington, D.C. 20044-0146 |
| | Tel: (202) 305-0660 |
| | mallori.b.openchowski@usdoj.gov |

Dated: **02/24/2025**