# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1715V

|  |  |
|---|---|
| STACI METZGER,<br><br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: January 28, 2026 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

**<u>DECISION ON ATTORNEY'S FEES AND COSTS</u>[1]**

On November 18, 2022, Staci Metzger filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on October 29, 2020. Petition, ECF No. 1. On February 25, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 42.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $35,912.31 (representing $34,036.60 in fees plus $1,860.95 in costs and $14.76 in Petitioner out-of-pocket expenses). Application for Attorneys' Fees and Costs ("Motion") filed October 31, 2025, ECF No. 48. Also, on October 31, 2025, Petitioner filed a signed statement representing that $14.76 was incurred in out-of-pocket expenses. ECF No. 49.

Respondent did not react to the Motion.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and are hereby awarded herein.

However, I find there is redundant time billed for the review of status reports and other cursory documents prepared by another attorney. *See*, e.g., ECF No. 48 at 15-20 (entries dated: 3/12/2024, 4/26/2024, 5/31/2024, 7/1/2024, 7/31/2024, 8/30/2024, 9/30/2024, 10/30/2024, 2/26/2025). I am aware that it is a common practice for Conway, Homer, P.C., to have several attorneys work on the same matter, even if one predominantly is responsible for hearings. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document (and the Conway Homer, P.C. attorneys typically bill reasonable amounts that reflect their personal expertise, with more experienced counsel needing to spend less time on matters than newer attorneys).

It is not reasonable to have an attorney bill for time to review routine filings, such as status reports, joint notices not to seek review, statements of completion, and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. And this is not the first time I or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See*, e.g., *Manetta v. Sec'y of Health & Hum. Servs.*, No. 18-172V, 2020 WL 7392813 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020); *Butler v. Sec'y of Health & Hum. Servs.*, No. 21-561, 2025 WL 2091616 (Fed. Cl. Spec. Mstr. June 23. 2025). Accordingly, Petitioner will not receive fees for redundant efforts. **Application of the foregoing reduces the total amount of fees to be awarded by $<u>342.00</u>.**

**ATTORNEY COSTS**

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 48 at 24-35. Respondent offered no response to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's

Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $35,570.31 (representing $33,694.60 in fees plus $1,860.95 in costs and $14.76 in Petitioner out-of-pocket expenses) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.